## Ruff et ux. v. Southwestern Mutual Fire Assn.

*Shelby, Ray & Coldren,* for plaintiffs.
*Higbee, Lewellyn & Higbee,* for defendant.

MORROW, J., April 3, 1943.—Plaintiffs brought suit to recover from defendant the sum of $4,500 with interest. The claim is based upon a fire insurance policy showing $3,000 insurance on a frame barn of plaintiffs, $1,000 on general contents of the barn, and $500 on livestock. The insurance contract specifically states: "But this association shall not liable for more than $4000 in case of loss of barn and its contents, including live stock." The word "be" preceding the word liable is, without doubt, omitted through error. The application for the insurance, signed by Clay C. Ruff, one of the plaintiffs, has a like provision reading: "But this association shall not be liable for more than $4000 in any one risk including insurance on live stock."

Plaintiffs allege and defendant admits that the insured barn, contents, and livestock therein were destroyed by fire, and that the value of the barn and contents, including cattle, exceeded the insured values.

Defendant contends that the total limit of its liability is $4,000. Plaintiffs, demanding $4,500, secured a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense. Subsequent to the issuance of the rule, defendant paid plaintiffs the sum of $4,000 and the parties by their counsel stipulated to the effect that should it be determined that

plaintiffs are entitled only to the sum of $4,000 then defendant shall not be required to pay any interest.

No authority has been cited by counsel for plaintiffs upon which we could base a conclusion that the above-mentioned limitation of liability is not effective and binding as a part of the insurance contract. It is our opinion that this limitation is valid. Accordingly, the rule for judgment for want of a sufficient affidavit of defense must be discharged.

### Order

And now, April 3, 1943, after consideration, it is ordered and directed that the rule on defendant to show cause why judgment should not be entered in favor of plaintiffs and against defendant for want of a sufficient affidavit of defense be and it is hereby discharged.